IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH C. LAMAZE,** | : | **CIVIL ACTION** |
| Administrator of the Estate of | : | |
| Michele LaMaze, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 09-158 |
| | : | |
| **VIDOV TRUCKING, INC., et al.,** | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                          **March 12, 2009**

In this wrongful death and survival action, the defendants have moved to dismiss the claim for punitive damages. They argue that the plaintiff, Joseph LaMaze, failed to allege all necessary material elements for an award of punitive damages. (Defs.' Mem. at 1 (Document #4).) After reviewing the parties' memoranda, I will deny the motion.

**I. Background**

On or about November 11, 2008, Robert Kostadinov, an employee of Vidov Truckin, Inc., was operating a flat bed tractor trailer carrying a cargo container in Lehigh County, Pennsylvania. (Compl. ¶ 11.) He was driving the truck on State Route 22. (Id.)

In Lehigh County, State Route 22 is crossed by various bridges. One of these is the Fullerton Avenue Bridge. (Id. ¶ 13.) As Mr. Kostadinov drove the vehicle beneath the Fullerton Avenue Bridge, the cargo container struck the bottom of the bridge, was dislodged from its moorings, and slipped off of the truck bed onto the roadway. (Id. ¶

14.)

Michele LaMaze was driving her car behind the tractor trailer. (Id. ¶ 15.) When the cargo container was ejected from the truck bed, it struck the driver's side of her vehicle. (Id.) Ms. LaMaze suffered numerous internal and external injuries and died. (Id. ¶¶ 35–36.)

A sign on the Fullerton Avenue Bridge that was fully visible to all motor vehicle operators traveling in the same direction as Mr. Kostadinov and Ms. LaMaze read as follows: "Clearance, 13 ft. 10 in." with two down arrows. (Id. ¶ 16.) This presumably warned all drivers of the maximum vehicle height. Mr. LaMaze has further alleged that the sign actually understates the maximum possible clearance, and has stated that "at its lowest point, [the bottom of the bridge is] at least 14 feet, 2 inches above the road surface." (Id. ¶ 19.) Based on these facts, he believes that the vehicle's total height exceeded 14 feet, 2 inches. (Id. ¶ 28.)

Pennsylvania law provides, "No vehicle, including any load, shall exceed a height of 13 feet 6 inches." 75 PENN. STAT. ANN. § 4922 (West 2008). Those wishing to operate a vehicle exceeding the statutorily prescribed height must apply for special permits. Id. § 4961(a)(3). Mr. LaMaze alleges that the defendants knew (or had reason to know) of these state regulations and still did not secure the necessary permit. (Compl. ¶ 22.) They knew, or had reason to know, their conduct created a serious risk of harm to the general public. (Id. ¶¶ 23, 27.) They failed to determine the height of the vehicle so

as to allow for proper operation and route planning.  (Id. ¶ 34(b).)  They failed to observe the bridge clearance sign, which would have warned Mr. Kostadinov that the vehicle was too high.  (Id. ¶ 34(e).)  Finally, they improperly loaded the cargo container onto a vehicle that did not provide for proper securing and did not meet the state's height requirements.  (Id. ¶¶ 31–32.)  The culmination of these allegedly reckless actions led to Ms. LaMaze's death.

Mr. LaMaze's complaint lists three counts: (1) a survival action against Mr. Kostadinov for the pain, suffering, mental anguish, and economic loss Ms. LaMaze endured and for the medical, funeral, and administrative expenses Mr. LaMaze has paid (Id. ¶¶ 33–39); (2) a similar survival action against Vidov Trucking (Id. ¶¶ 40–44); and (3) a wrongful death action brought on behalf of Ms. LaMaze's thirteen-year-old son, Tyler LaMaze-Bridgwood (Id. ¶¶ 45–50.)

**II. Standard of review**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 US 544, 127 S.Ct. 1955, 1965 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all

factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id. See also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 127 S.Ct. at 1969. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1965)).

**III. Discussion**

The standard for awarding punitive damages is well-settled in Pennsylvania. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Hutchinson

v. Luddy, 870 A.2d 766, 770 (Pa. 2005) (quoting Feld v. Merriam, 485 A.2d 742, 747 (Pa. 1984)).  Their purpose is to punish the defendant for his actions and to deter other persons from engaging in like conduct.  Thus, they are appropriate only when the defendant's actions are "so outrageous as to demonstrate willful, wanton or reckless conduct."  Hutchinson, 870 A.2d at 770.

   The defendant's state of mind is a key factor to consider.  It is not enough to show that "a reasonable person in the defendant's position would have realized or appreciated the high degree of risk from his actions."  Burke v. Maassen, 904 F.2d 178, 181–82 (3d Cir. 1990) (discussing how Pennsylvania courts have interpreted the required showing that a defendant displayed reckless indifference).  Pennsylvania courts have unequivocally stated that the defendant must have subjectively appreciated the risk of harm to the plaintiff and acted (or failed to act) in conscious disregard of that risk.  Hutchinson, 870 A.2d at 772.  Indeed, the defendant's conduct must be of an "intentional, reckless or malicious" nature.  Id. at 771.  Other factors the fact finder may consider are "the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant."  RESTATEMENT (SECOND) OF TORTS § 908(2) (1979); see also Feld, 485 A.2d at 747 (stating that Pennsylvania courts have adopted the Restatement (Second) of Torts § 908(2)).

   I find that the complaint states sufficient facts to support a claim for punitive

damages. The defendants allegedly knew their vehicle exceeded the statutorily permissible height. They did not secure the special permit needed to operate a vehicle exceeding that maximum height. They were aware of the safety purposes behind these regulations. They knowingly placed a cargo container onto a vehicle that was ill-equipped to secure it and could not be used for safe highway transport in this situation. They allegedly knew or had reason to know of the bridge's clearance height and yet chose to proceed. If true, such a knowing disregard of unambiguous highway safety rules when their purpose and the dangers to be prevented are known can be evidence of a conscious disregard of a substantial, known risk of harm. Based on these allegations, the trier of fact could find that under the complaint's factual allegations the defendants' conduct was outrageous and represented a conscious disregard for the risk of harm to persons such as Ms. LaMaze.

The defendants have cited Burke v. Maassen, 904 F.2d 178 (3d Cir. 1990), for the proposition that punitive damages may only be awarded when the defendant acted with reckless indifference. (Defs.' Mem. at 4.) They analogize to the facts of that case where the Third Circuit reversed a jury award of punitive damages and urge me to do the same here. I decline to do so. I find Burke useful for its discussion of Pennsylvania law, but its persuasiveness ends there.

In Burke, the defendant, a truck driver, had fallen asleep while driving and killed the plaintiffs' son. 904 F.2d at 179–80. On the day of the accident, the defendant had

been driving for more than ten hours in violation of federal safety regulations. Id. The defendant had lied on his application about his truck driving experience. Id. at 180. After the incident, he attempted to cover up his errors by falsifying his driving logs and lying at his deposition. Id. at 183. The jury found for the plaintiff and awarded compensatory and punitive damages. Id. at 181. The district court denied the defendants' motion for judgment notwithstanding the verdict on the punitive damages award. Id.

The Third Circuit reversed that decision. Upon review of the record, the court did not find sufficient proof that the driver had appreciated the risks of his actions. Id. at 183. Though he was aware of the existence of the applicable federal regulation, it was far from clear whether he knew or was aware of the safety purposes underlying it. Id. Evidence of the driver's attempts to conceal his mistakes shed no light on whether he knew and appreciated the risks associated with his actions prior to the accident. Id. At most, those actions showed that he realized the risks of his conduct too late. Consequently, the Third Circuit determined that the punitive damages award was not supported by the necessary finding that the defendant's conduct displayed reckless indifference.

The defendants' proposed application of Burke is improper because the Third Circuit's review was of a complete record containing evidence of the defendants' states of mind. Here, it is unclear whether the defendants had acted in conscious disregard of the risks of their actions. The facts presented so far are limited and shed little light on the defendants' actual states of mind. The complaint was drafted without the benefit of

extensive discovery or other fact-finding. If true though, its allegations could support a punitive damages award. For these reasons, I find that Burke is factually distinguishable and does not control my decision here.

This ruling is not a determination of the merits or viability of Mr. LaMaze's request. Deciding whether to award punitive damages is necessarily a fact-intensive inquiry requiring the fact-finder to probe the defendant's state of mind. It would be premature to dismiss this claim when the complaint has alleged sufficient facts that, if proven, could establish the necessary recklessness for a punitive damages award. See Mulholland v. Gonzalez, 2008 WL 5273588, at *3 (E.D. Pa. Dec. 18, 2008) (denying a motion to dismiss a claim for punitive damages after finding that the complaint had alleged sufficient facts); Ferranti v. Martin, 2007 WL 184883, at *2 (M.D. Pa. Jan. 19, 2007) ("Because of the dangers [associated with the defendants' conduct], discovery is necessary to determine whether defendants' conduct and mental state were so reckless that they warrant awarding punitive damages."). Even if the facts later show that the defendants did not exhibit the necessary state of mind, "discovery is necessary to help make this determination" and dismissal is premature at this stage. Young v. Westfall, 2007 WL 675182, at *2 (M.D. Pa. Mar. 1, 2007).

**IV. Conclusion**

For the foregoing reasons, I will deny the motion. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH C. LAMAZE,** : | |
| **Administrator of the Estate of** : | |
| **Michele LaMaze,** : | **CIVIL ACTION** |
| **Plaintiff** : | |
| : | |
| **v.** : | **NO. 09-158** |
| : | |
| **VIDOV TRUCKING, INC., et al.,** : | |
| **Defendants** : | |

# O R D E R

**STENGEL, J.**

    **AND NOW**, this 12th day of March, 2009, upon consideration of the defendant's Motion to Dismiss (Document #4), it is hereby ORDERED that the motion is DENIED.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.